UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE JUMPING TURTLE BAR AND GRILL; MATTHEW HALL, an individual; and LAURA MOURADIAN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN MARCOS, a public body corporate and public; SUSIE VASQUEZ, an individual and in her official capacity; GLENN GIANNANTONIO, an individual and in his official capacity; and DOES 1 through 25, inclusive,<br><br>Defendants. | Civil No.   10-CV-270-IEG (BGS)<br><br>**ORDER REGARDING DISCOVERY DISPUTE** |

On October 8, 2010, Plaintiffs The Jumping Turtle Bar and Grill, Matthew Hall, and Laura Mouradian and Defendants City of San Marcos and Susie Vasquez filed a joint motion for determination of discovery dispute regarding waiver of the attorney-client privilege by Defendant City of San Marcos (the "City"). (Doc. No. 41.)  The Court, having considered the parties' joint motion, finds that Defendants did not waive the attorney-client privilege by producing the privilege log more than 30 days after service of the request for production.  As such, the Court denies Plaintiffs' request to compel production of the documents identified in the privilege log on the basis of waiver.

/ / /

**Dispute**

Plaintiffs brought suit against the City and Defendants Susie Vasquez and Glenn Giannantonio, asserting causes of action for deprivation of civil rights and related claims concerning the operation and permitting of The Jumping Turtle Bar and Grill. On June 22, 2010, Plaintiffs served Requests for Documents on the City pursuant to Fed. R. Civ. Pro. 34. (See Doc. No. 41-1, Ex. 1.) On July 22, 2010, the City served its initial responses to Plaintiffs' requests. (Id.) In its initial responses, the City did not assert the attorney-client privilege or the work product doctrine. (Doc. No. 41-1, Ex. 1.)

On September 3, 2010, Plaintiffs' counsel sent a meet and confer letter regarding the production of documents, and noting that no attorney-client or work product privileges had been asserted and that they were therefore waived. (Doc. No. 41 at 1.) Counsel for Plaintiffs and counsel for the City met and conferred in person on September 10, 2010. (Id.) The City produced at the September 10 meet and confer a privilege log listing over 150 documents withheld on the basis of the attorney-client privilege. (Id.) On October 7, 2010, Plaintiffs received, via email, amended responses from the City asserting that the City was withholding documents responsive to the request for production based on the attorney-client privilege and attorney work product doctrine.[1] (Id. at 2.)

Plaintiffs argue that the City has waived the attorney-client privilege by failing to properly raise the attorney-client privilege and work product doctrine in its written responses to Plaintiffs' requests for documents. (Id. at 3.) The parties filed a joint motion for determination of discovery dispute in order for the Court to resolve this issue.

**Discussion**

Plaintiffs argue the City waived the attorney-client privilege by (1) failing to assert it in its initial responses and (2) by producing a privilege log more than 30 days after the service of the requests for production. Under Fed. R. Civ. Pro. 34(b)(2), "the party to whom the request is directed must respond in writing within 30 days after being served." "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state

---

[1] The City contends that it first emailed these amended responses to Plaintiffs on September 14, 2010. (Doc. No. 41 at 2.) Plaintiffs claim that they never received the September 14 email. (Id.)

an objection to the request, including the reasons." Fed. R. Civ. Pro. 34(b)(2)(B). Rule 26(b)(5) provides that, when claiming a privilege, a party must:

> (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. Pro. 26(b)(5).

In analyzing how Rule 34 and Rule 26(b)(5) interact, the Ninth Circuit in <u>Burlington Northern & Santa Fe Ry. Co. v. United States</u>, 408 F.3d 1142 (9thCir. 2005) held that, "boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege." <u>Id.</u> at 1149. However, the <u>Burlington</u> court rejected a "*per se* waiver rule that deems a privilege waived if a privilege log is not produced within Rule 34's 30-day time limit." <u>Id.</u> at 1149. Instead, the Ninth Circuit instructed district courts, using the 30-day period of Rule 34 as a default guideline, to "make a case-by-case determination" using the following factors:

> (1) the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient);
>
> (2) the timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient);
>
> (3) the magnitude of the document production; and
>
> (4) other particular circumstances of the litigation that make responding to discovery unusually easy (such as, here, the fact that many of the same documents were the subject of discovery in an earlier action) or unusually hard.

<u>Id.</u> at 1149. The Court, in determining whether the City has waived the privilege, applies the <u>Burlington</u> factors "in the context of a holistic reasonableness analysis." <u>Id.</u> at 1149.

**A. Failing to Assert Privilege in Initial Responses**

Plaintiffs argue that this case is distinguishable from <u>Burlington</u> because here the City failed to make even boilerplate assertions or blanket refusals within Rule 34's 30-day time period.[2]

---

[2]The Court has reviewed <u>Burlington</u> and has not been able to locate in the "Facts and Procedural History" section where the Ninth Circuit states that Burlington responded with boilerplate assertions of the privilege. Thus, it is not clear that Burlington actually responded with such boilerplate assertions, as

1  Plaintiffs contend that the City's failure to assert a claim of privilege in any manner within the 30-
2  day time period should operate as a waiver of any claims of the attorney-client and work product
3  doctrine privileges, regardless of whether a privilege log was later produced.[3] (Doc. No. 41 at 3-4.)
4  "This reading of Burlington is inconsistent with the Ninth Circuit's refusal to apply a *per se* waiver
5  to a late-filed privilege log, even after finding the boilerplate assertions of privilege in the initial,
6  written response to be insufficient." Coalition for a Sustainable Delta v. Koch, 2009 WL 3378974
7  *3 (E.D. Cal. Oct. 15, 2009). The Burlington court held that boilerplate objections in initial
8  responses fail to adequately assert the privilege and that a later-produced privilege log could
9  sufficiently assert privileges for the first time. Therefore, the City's failure to assert inadequate
10 boilerplate assertions within Rule 34's 30 day time period can not operate as a *per se* waiver of the
11 privilege and the Court will apply the Burlington factors in order to determine the issue of waiver.
12 See id. (noting that, "If asserting a privilege in a boilerplate manner is improper, then the party
13 withholding documents in Burlington failed to properly assert particular privileges in their initial
14 written responses. Nevertheless, the Burlington court forgave this initial failure and permitted the
15 privilege log to assert the privileges for the first time.").

16 **B. Late-Produced Privilege Log**

17 Plaintiffs' main contention is that the City has waived the attorney-client privilege and work
18 product doctrine by producing a privilege log more than 30 days after service of Plaintiffs' requests
19 for production. As discussed above, this failure does not constitute a *per se* waiver of the privilege
20 and requires the Court, instead, to conduct a "holistic reasonableness analysis" by considering the
21 factors announced in Burlington. See Burlington, 408 F.3d at 1149. In conducting such an analysis,
22 the Court finds that the factors do not weigh in favor of waiver.
23 / / /
24

25 the court only refers to Burlington's production of a privilege log. See 408 F.3d at 1145-46. Rather,
   Burlington addressed the district court's decision that "defendant waived its privilege objections by
26 failing to provide a privilege log at the time it served its discovery responses." Id. at 1147. This is the
   situation presented to the Court in the parties' joint motion.
27

28  [3]The Court notes that Plaintiffs have not cited any binding authority for their position. Plaintiffs'
    argument, instead, rests on a First Circuit case from 1991 and District of Massachusetts cases from 1988
    and 1983. (Doc. No. 41 at 3.)

**1. Degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged**

As to the first factor, Plaintiffs argue that the privilege log does not contain important information which allows Plaintiffs or the Court to evaluate whether each document is privileged. (Doc. No. 41 at 4.) Plaintiffs complain that the privilege log provided lacks an explanation of who the individuals listed are, as many are not familiar to Plaintiffs or Plaintiffs' counsel, and in many instances does not list all the recipients of a communication and instead lists "*et al.*" (See Doc. No. 41-1, Ex. 3.). The City fails to make any arguments in response to Plaintiffs' complaints, other than to state that, "Plaintiffs were provided with a privilege log on September 10, 2010 that clearly describes the documents over which the City was claiming attorney-client privilege." (Doc. No. 41 at 6.)

Although the Court cannot evaluate whether each document is privileged based on the information provided, the log provides much more than a boilerplate objection as it provides a brief description of the documents, the author, the date of the document, at least one recipient, and the privilege(s) claimed for each document.[4] The Court finds that the City made a good faith effort of complying with Rule 26(b)(5)'s requirements. See, e.g., Carl Zeiss Vision Intern. Gmbh v. Signet Armorlite Inc., 2009 WL 4642388 *4 (S.D. Cal. Dec. 1, 2009); U.S. v. Union Pac. R. Co., 2007 WL 1500551 (E.D.Cal. May 23, 2007); Humphreys v. Regents of the Univ. of Cal., 2006 WL 1409336 (N.D.Cal. May 23, 2006).

**2. Timeliness of the objection and accompanying information about the withheld documents**

In evaluating timeliness, the Court finds that under the circumstances of this case, the production of a privilege log one and one half months late was not unreasonable. The City first produced and asserted the attorney-client privilege on September 10, 2010, which was approximately one and one half months after the City's initial responses were due. While outside

---

[4] The parties have attached the privilege log as an exhibit to the joint motion. (Doc. No. 41-1, Ex. 3.)

1 of the default guideline of service within 30 days of the request for production, the City's log was
2 not five months late like the log in Burlington, where the court found waiver. See 408 F.3d at 1149;
3 see also Carl Zeiss Vision Intern. Gmbh v. Signet Armorlite Inc., 2009 WL 4642388 *4 (S.D. Cal.
4 Dec. 1, 2009) (finding that a privilege log arriving 9 months late weighed in favor of the party
5 seeking waiver, but ultimately finding no waiver).  The City timely responded to the requests for
6 production and asserts that the parties have been in constant communication regarding clarifying
7 the scope of discovery requests and the City's review of any documents that have not yet been
8 produced. (Doc. No. 41 at 7.) Plaintiffs received the City's privilege log regarding attorney-client
9 privilege only fifteen days after receiving the City's privilege log on deliberative process and official
10 acts privileges on August 25, 2010. (Id. at 2.) Plaintiffs, notably, have not complained that the City
11 has waived the deliberative process and official acts privileges by producing a log more than one
12 month after the City's initial responses were due.  The slight delay in production of the attorney-
13 client privilege log does not prejudice Plaintiffs.

**3. Magnitude of the document production**

The magnitude of the production in this case also weighs against waiver. The City has produced approximately 10,000 pages of documents in this case, including 2,500 pages in its initial disclosure. (Doc. No. 41 at 4); Burlington, 408 F.3d at 1149, n.3 ("We are well aware that, particularly in discovery-intensive litigation, compiling a privilege log within 30 days may be exceedingly difficult, even for counsel who are sophisticated, experienced, well-funded, and acting in good faith.").  The City does not appear to be engaging in gamesmanship, as it is withholding only 500 pages (212 documents) on the basis of attorney-client privilege and asserts that its failure to object on this ground in its initial responses was inadvertent. (Doc. No. 41 at 7.)

**4. Other particular circumstances of the litigation that make responding to discovery unusually easy or unusually hard**

Other circumstances of this case also weigh against waiver. In reviewing the City's privilege log regarding the deliberative process and official acts privileges, it is clear that the City has not been sitting on its hands and engaging in tactical delay. (See Doc. No. 41-1, Ex. 2.)  The compilation of that privilege log required the City to review hundreds of documents for the

application of those privileges. This, no doubt, took considerable time and effort. Furthermore, the assertion of the attorney-client privilege should come as no surprise to Plaintiffs. While the City's prior production of documents in response to a PRA request may have made it easier for the City to raise the privilege and produce a privilege log, Plaintiffs were fully aware that the City was withholding the documents based on the privilege due to the prior litigation. (Doc. No. 41 at 4.) Additionally, the City produced the privilege log one week after its failure to assert the privilege was brought to its attention. (Id. at 1.) This production was early in the discovery phase of this case, as the parties' fact discovery cutoff is January 28, 2011. (See Doc. No. 14 ¶4.)

Under the circumstances of this case, the Court finds in conducting a holistic reasonableness analysis that the City has not waived the attorney-client privilege or work product doctrine as to the documents identified in the privilege log.

## Conclusion

For the reasons set forth above, the Court denies Plaintiffs' request to compel production of the documents identified in the City's attorney-client privilege log based on waiver. However, the Court orders the City to serve an amended privilege log that includes all the recipients of the communications and provides the position held by each person identified in the privilege log. The City shall serve the amended privilege log on Plaintiffs no later than November 19, 2010.

**IT IS SO ORDERED**.

DATED: November 10, 2010

_____
**BERNARD G. SKOMAL**
United States Magistrate Judge